PER CURIAM:
The claimant, James Withrow, seeks an award of $2,879.78 for damage to his vehicle, a 1984 Lincoln. On the evening of November 30,1994, the claimant’s son, James Withrow, Jr., was driving the 1984 Lincoln on Route 61 near the mouth of Armstrong Creek. Road conditions were clear and dry. Suddenly, rocks and other debris began falling onto the road and the vehicle. A vehicle traveling in front of Mr. Withrow, Jr. immediately stopped, and Mr. Withrow, Jr. was unable to avoid a collision with the stopped vehicle. Mr. Withrow, Jr. is familiar with this area, but has never informed the respondent about a possible rock slide problem at this location.
Debra Gilliam, a Fayette County crew chief for the respondent, is responsible for general road maintenance in the vicinity of the accident. Mr. Gilliam was unaware of a rock slide problem in this area, and was aware of only one other rock slide at this location during the five years prior to November 30,1994. However, he noted that falling rock signs were located approximately half a mile from the slide area. Mr. Gilliam did not know of any other feasible action which could have prevented the danger of rock slides in this area.
The respondent is not and cannot guarantee the safety of motorists traveling on its highways Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947. The mountainous terrain of West Virginia requires the respondent to build and maintain a large number of roads through areas with a potential for rock slides. However, the amount of money and labor necessary to entirely eliminate the danger associated with rock slides far exceeds the budgetary limits of the respondent. Therefore, this Court has consistently held that unexplained falling rocks, without a positive showing that the respondent knew or should have known of a dangerous condition and should have anticipated injury to person or property, is insufficient to justify an award. Hammond v. Dept. of Highways, 11 Ct.Cl. 234 (1977).
A careful review of the facts as established by the record indicates to the Court that the respondent was not negligent in its maintenance of Route 61 onNovember30,1994. The record reveals that no rock slides have occurred at this location during the five years prior to the accident. In addition, road conditions were dry and no evidence was introduced to establish the respondent had *164 notice of an imminent rock slide. The respondent also posted falling rock signs in the area to warn motorists of the possibility for falling rocks. Therefore, for the reasons mentioned above, this claim is denied.
Claim disallowed.